O’Neill, J.,
dissenting.
{¶ 39} While I agree with most of the majority’s opinion in this case, I disagree with a critical aspect of its analysis and, therefore, I respectfully dissent. I concur that the issue before us is a very narrow one: whether the putative-father statutes are unconstitutional as applied to the father in this case, C.S.M. During the time period relevant here, former R.C. 3107.07(B)(1) and former R.C. 3107.062 set forth a deadline of 30 days after a child’s birth for a man to register in Ohio’s Putative Father Registry in order to gain the right to receive notice of any subsequent adoption proceedings. 2012 Am.Sub.H.B. No. 279; 2008 Sub. H.B. No. 7. The specific question in this case is whether the 30-day-post-birth deadline, as applied to C.S.M.’s circumstances, violates his constitutional right to due process and his fundamental right to parent his own child.
{¶ 40} As the majority recognizes, citing Sacramento Cty. v. Lewis, 523 U.S. 833, 845-846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), due process provides protection against arbitrary laws. And the universally recognized essence of due process is the right to be heard in a meaningful way before the state, under any circumstances, deprives a fundamental right. Is the 30-day-post-birth deadline arbitrary as applied to C.S.M.? The answer is yes. Does its application in this case deprive him of a fundamental right without due process? Again, the answer is yes.
{¶ 41} Ohio’s selection of the day that a child reaches 30 days of age as the deadline by which the child’s putative father must register or forfeit his right to receive notice of adoption proceedings that will permanently determine the custody of his child is, by definition, arbitrary. That date is not related to any significant event in the life of the child or the parents, nor to any aspect of the adoption process.
*156 Erik L. Smith, for appellant.
{¶ 42} By contrast, a number of other states use critical procedural events as the deadline to register as a putative father. In Indiana, the putative-father-registry (“PFR”) deadline is the date that the adoption petition is filed or the date that the petition to terminate the mother’s parental rights is filed, whichever occurs later. Ind.Code 31-19-5-12(a). That makes sense and passes constitutional muster: once an adoption proceeding is commenced, both the state and the child have the right to know if a parent is going to contest the proceeding. In Florida, the PFR filing deadline is the date that the petition to terminate parental rights is filed. Fla.Stat. 63.054(1) and 63.062(l)(b)(4)-(5). Once again, a nonarbitrary deadline that is rationally tied to the adoption process is utilized.
{¶ 43} The majority suggests that the legislative intent in enacting the 30-day registration deadline in former R.C. 3107.07(B)(1) and former R.C. 3107.062 was to streamline the long and complicated process leading to the finalization of an adoption and to prevent unnecessary interruptions to the process caused by putative fathers belatedly attempting to exercise their rights. I reject that suggestion. In selecting an arbitrary 30-day PFR filing deadline, the legislature has failed to consider the rights of biological fathers to participate in the upbringing of their own children.
{¶ 44} I find it difficult to believe that most men in the state of Ohio are aware of the PFR, let alone the deadlines that are set forth in the statute. Accordingly, fathers’ fundamental parental rights are being terminated without the fathers being provided with a meaningful opportunity to be heard. If the deadline were set to coincide with a meaningful event, for example, a deadline of 30 days after the filing of a petition to terminate parental rights or a petition for the child’s adoption, the statute would provide both a nonarbitrary standard and a much greater probability that the father will be notified of the event and be included in the process. Even the majority notes that “the policy behind a 30-day (or 15-day) registration deadline appears to be questionable in the context of an adoption petition that is filed well past the 30-day deadline.” Majority opinion at ¶ 36. It is more than questionable. It is arbitrary, designed solely for the convenience of an unnecessary bureaucratic process, and unconstitutional.
{¶ 45} I must conclude that former R.C. 3107.07(B)(1) and former R.C. 3107.062, both as applied to C.S.M. and on their faces, violate Article I, Section 16 of the Ohio Constitution. Due process has been denied.
{¶ 46} Accordingly, I respectfully dissent.
*157 Voorhees & Levy, L.L.C., and Michael R. Voorhees, for appellees.
Susan Garner Eisenman, urging affirmance for amicus curiae, American Academy of Adoption Attorneys.